**AFFIRMED; Opinion Filed December 15, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00139-CR
No. 05-14-00140-CR
No. 05-14-00141-CR
No. 05-14–00142-CR
No. 05-14-00143-CR

**REGINALD DONEY THOMPSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause Nos. F07-24608-L, F11-61783-L,**
**F11-61784-L, F13-57590-L, and F13-57591-L**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Evans

Reginald Doney Thompson appeals the trial court's revocation of his community supervision and adjudication of guilt for aggravated robbery in cause number F07-24608-L, unlawful possession of a firearm by a felon in cause number F11-61783-L, and possession of less than one gram of cocaine in cause number F11-61784-L.[1] After entering into negotiated plea agreements in cause numbers F13-57590-L (unlawful possession of firearm by a felon) and F13-57591-L (possession of more than one gram, but less than four grams of cocaine)[2], he also

---

[1] Appellate cause numbers 05-14-00139-CR, 05-14-00140-CR, and 05-14-00141 respectively.

[2] Appellate cause numbers 05-14-00142-CR and 05-14-00143-CR respectively.

appeals the trial court's denial of his motion to suppress.[3] In one issue, appellant challenges the trial court's jurisdiction in all five cases because they were never transferred to its docket. In another issue, he contends trial court abused its discretion in denying his motion to suppress. Concluding both issues lack merit, we affirm the trial court's judgments in all five cases.

## BACKGROUND

Appellant was on deferred adjudication community supervision for three prior offenses when he was arrested on July 3, 2013 and charged with unlawful possession of a firearm by a felon and possession of cocaine. The State moved to proceed to adjudicate guilt in the three community supervision cases based on the 2013 offenses and appellant's failure to comply with additional conditions of his community supervision. Appellant pleaded not true to the State's allegations. Appellant also moved to suppress the evidence obtained in the warrantless search leading to his arrest and the 2013 charges. After a hearing, the trial court denied the motion to suppress and found appellant guilty in three deferred adjudication cases and assessed punishment at ten years' imprisonment for each case. Appellant pleaded guilty to the 2013 offenses and pursuant to a negotiated plea agreement, the trial court sentenced appellant to six years' imprisonment for each case.

## ANALYSIS

### I. *Docket Transfer*

We first address the issue in which appellant argues the Criminal District Court No. 5 of Dallas County, Texas lacked jurisdiction in all five cases because the indictments were presented to other Dallas County Criminal District or District Courts and not properly transferred to the docket of the Criminal District Court No. 5. A defendant has the right to be tried in a court with jurisdiction over him and the subject-matter of the case. *See Saldano v. State*, 70 S.W.3d 873,

---

[3] The trial court certified appellant's right to appeal the denial of his motion to suppress in these cases.

888 (Tex. Crim. App. 2002). Jurisdiction over felony cases such as appellant's lies in the district or criminal district court where the indictment is first filed. *See* TEX. CODE CRIM. PROC. ANN. arts. 4.05, 4.16 (West 2005). No transfer order, however, is required where one court empanels the grand jury that returns the indictment in the case, but the indictment is filed in another court. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd). The record here shows that the indictment in cause number F-07-24608 was presented to the 204th District Court; the indictment in cause number F11-61783 was presented to Criminal District Court No. 3; the indictment in cause number F11-61784 was presented to the 363rd District Court; and the indictments in cause numbers F13-57590 and F13-57591 were presented to Criminal District Court No. 2. All five indictments, however, were filed in Criminal District Court No. 5 and there is nothing in the record to indicate the cases were originally filed in a court other than the Criminal District Court No. 5. Accordingly, no transfer order was needed to confer Criminal District Court No. 5 with jurisdiction over these cases. *See id.*

Moreover, Texas courts have held that even when such a transfer order is required, its absence from the record is a procedural error rather than jurisdictional error. *See Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet ref'd); *Mills v. State*, 742 S.W.2d 831, 834–35 (Tex. App.—Dallas 1987, no writ.). The absence of a transfer order merely subjects the transferee court to a timely plea to the jurisdiction; it does not render actions of the transferee court void. *Lemasurier*, 91 S.W.3d at 899; *Mills*, 742 S.W.2d at 835. If no timely plea to the jurisdiction is filed in the trial court, appellant waives the right to complain about the lack of a transfer order on appeal. *See Mills*, 742 S.W.2d at 835. Appellant acknowledges that *Mills* and other cases directly contradict his position that the lack of transfer order constitutes jurisdictional error that may be presented for the first time on appeal. The only reason appellant presents for departing from long-standing precedent is his contention that these cases "simply

cite to their antecedents without any Constitutional or statutory authority for the proposition that a jurisdictional defect can be cured by a procedural default." We are not persuaded by appellant's argument. Because appellant did not file a plea to the jurisdiction in the trial court, he has waived his complaint about the lack of a transfer order. *See Lemasurier*, 91 S.W.3d at 899; *Mills*, 742 S.W.2d at 835. We therefore resolve this issue against appellant.

## II. *Motion to Suppress*

In cause numbers F13-57590 (unlawful possession of firearm by a felon) and F13-57591 (possession of more than one gram, but less than four grams of cocaine) appellant raises an issue complaining of the trial court's denial of his motion to suppress. Specifically, appellant argues the trial court erred by finding the officers had a reasonable belief there might be someone inside the apartment needing aid, thereby justifying the warrantless entry into the apartment.

In its written findings of fact, the trial court found the following. On July 3, 2013, Dallas police officers received a dispatch regarding shots fired at apartment 518 at 520 West Page Avenue in Dallas, Texas. The caller told dispatch a heavy-set black male with braided hair carrying a shotgun or pump style gun had entered his apartment, unit 518. The caller also reported hearing gunshots fired inside the apartment.

Officers went to the apartment complex and knocked on the door of unit 518. No one answered immediately. Shortly after their arrival, officers encountered a woman approaching the door to unit 518 who indicated she knew the occupant. She also knocked on the door and attempted to get the occupant to answer. After a couple of minutes, a heavy-set black male with braided hair, later identified as appellant, opened the door. He matched the caller's description and stood in the doorway blocking the officer's view into the apartment. One of the officers advised appellant why they were and asked to enter the apartment. When appellant attempted to close the door, officers pushed it open and entered the apartment. One of the officers testified

that they entered the apartment to ensure no one was injured, to determine if anyone was in need of assistance, to investigate or prevent a dangerous situation, or to protect someone who might be in the apartment. After entering the apartment, officers observed a handgun, marijuana, and cocaine in plain view.

The trial court found that, based on the facts known at the time, the officers reasonably believed someone inside the residence could be in need of immediate aid and they needed to act to preserve life or avoid serious injury. The trial court concluded the warrantless search was justified under the both the emergency doctrine and exigent circumstances doctrine.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review where we afford almost total deference to the trial court's findings of historical fact while applying a de novo review to the trial court's application of the law of search and seizure to the facts. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We view the evidence in the light most favorable to the trial court's ruling, so long as its express or implied findings are supported by the record. *Id.* The trial court's ruling will be upheld if it is "reasonably supported by the record and is correct on any theory of law applicable to the case." *Id.* (quoting *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

A warrantless search of a premises is unreasonable under the Fourth Amendment to the United States Constitution unless it falls within one of the recognized exceptions to the warrant requirement. *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007). One of these exceptions is the emergency doctrine. *Laney v. State*, 117 S.W.3d 854, 861 (Tex. Crim. App. 2003). This exception applies when the police act in their community caretaking role and is limited to the caretaking functions of protecting or preserving life or avoiding serious injury. *Id.* at 860–61. A warrantless entry and search is justified under the emergency doctrine when the officers reasonably believe a person within is in need of immediate aid. *Id.* at 860. When

assessing whether a warrantless search is justified under the emergency doctrine, we apply an objective standard based on the police officers' conduct and the facts and circumstances known to the officers at the time of the search. *Id*. at 862. If the doctrine applies, police may seize evidence in plain view during the course of their legitimate emergency activities. *Id*.

Based on the record before us, we conclude the emergency doctrine justified the warrantless entry into the apartment. Officers testified that they went to the apartment where they encountered appellant in response to a 911 call stating a man with a gun entered that apartment and that the caller heard shots fired inside that apartment. When the officers first knocked on the door, no one responded. Appellant answered the door a couple of minutes later and matched the description of the man with the gun provided by the 911 caller. When the officers explained why they were there and asked to enter the apartment to make sure no one was injured or shot inside, appellant tried to shut the door. The officers then pushed the door open and proceeded to check the apartment to make sure no one was injured or shot inside or needed assistance. It was during this check that the officers found the gun and drugs in plain view. One testifying officer continued to emphasize the purpose in entering the apartment was to make sure no one was injured or needed assistance based on the 911 report and appellant's behavior of not answering the door when the police first knocked and then attempted to the shut the door when he asked to enter. Based on these facts, an officer could have reasonably believed entering the apartment was necessary to protect or preserve life or avoid serious injury.

Reviewing the totality of the circumstances in the light most favorable to the support the trial court's judgment, we conclude the trial court did not abuse its discretion in determining the emergency doctrine applied to these facts. Our conclusion that the emergency doctrine supports the trial court's ruling make is unnecessary to address whether the trial court's denial of the

motion to suppress can also be upheld based on the exigent circumstances doctrine.  We resolve this issue against appellant.

We affirm the trial court's judgments.


/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47


140139F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REGINALD DONEY THOMPSON,
Appellant

No. 05-14-00139-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F07-24608-L
Opinion delivered by Justice Evans, Justices
Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of December, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REGINALD DONEY THOMPSON,
Appellant

No. 05-14-00140-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F11-61783-L
Opinion delivered by Justice Evans, Justices
Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of December, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REGINALD DONEY THOMPSON,
Appellant

No. 05-14-00141-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F11-61784-L
Opinion delivered by Justice Evans, Justices
Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of December, 2014.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

REGINALD DONEY THOMPSON,
Appellant

No. 05-14-00142-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F13-57590-L
Opinion delivered by Justice Evans, Justices
Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of December, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REGINALD DONEY THOMPSON,
Appellant

No. 05-14-00143-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F13-57591-L
Opinion delivered by Justice Evans, Justices
Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 15th day of December, 2014.