091-15   092-15

ORIGINAL    PD-00091-15
            PD-00092-15

In the Court of Criminal Appeals of the State
of Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 20 2015

Abel Acosta, Clerk

Reginald Doney Thompson
Appellant

V.

The State of Texas
Appellee

FILED IN
COURT OF CRIMINAL APPEALS

MAR 20 2015

Abel Acosta, Clerk

On Appeal from Criminal District Court Number 5
Dallas County, Texas
Cause Number F-1357590-L and F-1357591-L

Appellant's Petition for Discretionary Review

Pro'se Petition
Reginald Doney Thompson
Lindsey State Jail
1620 F.M. 3344
Jacksboro Texas 76458

## Identity of Parties

Craig Watkins
Criminal District Attorney
Dallas County, Texas

Michael R. Casillas
Assistant District Attorney
Dallas County Texas

Kimberly J. Duncan
Assistant District Attorney
Frank Crowley Courthouse
133 N. Riverfront Blvd. LB-19
Dallas, Texas 75207-4399

Reginald Thompson
Appellant Pro'se
Lindsey State Jail
1620 FM 3344
Jacksboro, Texas 76458

# Table of Contents

Cover                          1

Identity of Parties            2

Table of Contents              3
Index of Authorities           4

T.C.C.P. 2.133                 5

Prayer                         6

Certificate of Service         6.

# Index of Authorites

## Cases

Hinson v State, 547 S.W. 2d 277 (1977)

Sibron v State, 392 US 40 (1968)

Brown v. State, 481 S.W. 2d 106 (1972)

Talbert v State 489 SW 2d 309 (1973)

Leighton v State 544 S.W. 2d 394 (1976)

To the Honorable Court of Appeals

The Appellant Reginal Thompson respectfully submits the Petition for Discretionary Review Listing Constitutional Violations upon which the Law was incorrectly interpreted and Applied in View of old doctrines and New interpretations of Existing Law aswell as overruled decisions.

The Courts decision was made Against Due process Requiring probable cause befor a search is authorized.

## Texas Code of Criminal Procedure 2.133

Requires that Citations be made to Justify all traffic Stop.

The Appellant was not Violating any Laws to Justify the arrest.(s) Hinson V State, 542 S.W. 2d 277 (1977)

We have concluded that the Evidence in this Record show No more then A mere Suspicion and that the Evidence in this Record does not show specific and Articulble fact which Reasonably warrented the stopping of the appellant for futher investigation. (see) Sibron v. New York 392 U.S. 40 88 S. Ct 1889 20 Led 2d 917 (1968) Brown v. State 481 S.W. 2d 106 Tex CR App (1972) Talbert v. State 489 S.W. 2d 309 Tex. CR. App (1973) Leigton v. State. 544 S.W. 2d 394 (1976)

## Prayer

The Appellant Prays this Honorable Court will Grant Constitutional Relief and orders an Acquittal. of All charges.

Respectfully submitted

_[signature]_

## Certificate of Service

I hereby certify that a true copy of the foregoing has been served on the Prosecutor of Dallas County and the Texas Court of Appeals in Austin Texas. on this 13 day of March 2015.

_[signature]_

Appellant Pro'Se

In the Court of Criminal Appeals of Texas
Austin. Texas 78711

| | | |
|---|---|---|
| Reginald Doney Thompson | § | F-1357590-L |
| VS. | § | + |
| The State of Texas | § | F-1357591-L |

Appellant's Motion for Hearing Pursuant to Franks
VS. DeLaware, 438 U.S. 154 (1978)

To the Honorable Judge of Said Court:

Now comes the Appellant Reginald Doney Thompson And moves the Court to grant him a hearing on the truthfulness of statements made in a 911 call on July 3. 2013 And would show unto the Court the following:

## I.

The Appellant was indicted And charged with felon in possession of a firearm, F13-57590-L And possession of cocaine less than 4 grams F13-57591-L when a 911 call was made Alleging that a heavy-set male with beaded hair with a shotgun (or) pump gun was in the Apartments. Officers responded And gained a force entree into the Appellant's residents in search for (1). a Shot Gun (or) (2). Someone injured or shot inside; but neighter was found.

In the search for a shot Gun officer's looked under the mattress and box spring which was the common place shot Guns a normally hidden but rather than the search uncovering a shot Gun, the search uncovered a handgun instead but the mere handgun was not sufficient enough to establish that the search was based on a valid probable cause.

## II

The States Exhibits 1 and 2. was a handgun some Marijuana and some Cocaine which was not the Grounds upon which the search was authorized. Consequently, in Texas being a heavy set black-male with braided hair is not considered a crime (or) threat; therefore without the Shot Gun (or) facts which established a shot Gun was shot inside the Apartment (or) the existing threat prior to the arrival of the Responding officers; thus there is No collaborating Evidence provided to establish any truth in the statement made by a 911 caller Invalidating the probable Cause which activated the responding team causing the Unlawful invasion and unreasonable search which intruded upon the privacy without a valid probable cause clearly a violation of the 4th Amendment.

The 911 call was collateral to the matter tried and the sole Grounds for Probable Cause which was found to be false by the Evidence introduced at trial. The Constitutional Violation that, No warrent shall be issued but upon probable cause. fraud invalidates probable cause. In the same way no convictions should be had upon false Evidence (see) Mooney (v) Holahan,

## III

There is reasonable facts pointed out hearin which causes controversy to require a hearing on the truthfulness of the 911 call which false statements were deliberately made by the caller Knowing they werefalse with reckless disregard for the truth and there is insufficient probable cause to support the force entree and search without the false statement.

Wherefore the Appellant Prays thate the Court grant him a hearing on the truthfulness of the statements made in the 911 call and that upon finding that such statement are false that the Court suppress All Evidence seized as the Result of Fraud.

Respectfully Submitted

## Certificate of Service

I, Reginald Thompson, do hereby swore under the oath of perjury that A true And correct copy was served on the Prosecutor of Dallas County and the Court of Criminal Appeals in Austin Texas this, 13 day of March , 2015.

Appellant Pro 'se

Case No. PD 0091-15

(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: Reginald Thompson

DATE OF BIRTH: 01 06 89

PLACE OF CONFINEMENT: Lindsey State Jail Unit

TDCJ-CID NUMBER: 1897562 SID NUMBER: _____

(1) This application concerns (check all that apply):

☐ a conviction            ☐ parole

☐ a sentence              ☐ mandatory supervision

☐ time credit             ☑ out-of-time appeal or petition for
                            discretionary review

(2) What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

CDC #5 Dallas County

(3) What was the case number in the trial court?

F1357590 L

(4) What was the name of the trial judge?

Carter Thompson

(5) Were you represented by counsel? If yes, provide the attorney's name:

_____

(6) What was the date that the judgment was entered?

_____

(7) For what offense were you convicted and what was the sentence?

10 yrs. Possess of Fire Arm & Controled Substance

(8) If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

_____ NA _____

_____

(9) What was the plea you entered? (Check one.)

☐ guilty-open plea ☐ guilty-plea bargain
☐ not guilty ☒ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

_____ NA _____

_____

(10) What kind of trial did you have?

☐ no jury ☒ jury for guilt and punishment
☐ jury for guilt, judge for punishment

2

(11)   Did you testify at trial?  If yes, at what phase of the trial did you testify?

_____ N/A _____

(12)   Did you appeal from the judgment of conviction?

☐ yes                        ☑ no

If you did appeal, answer the following questions:

(A)  What court of appeals did you appeal to?  _____ N/A _____

(B)  What was the case number?  _____ N/A _____

(C)  Were you represented by counsel on appeal? If yes, provide the attorney's name:

_____ N/A _____

(D)  What was the decision and the date of the decision?  _____ N/A _____

(13)   Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                        ☑ no

If you did file a petition for discretionary review, answer the following questions:

(A)  What was the case number?  _____ N/A _____

(B)  What was the decision and the date of the decision?  _____ N/A _____

(14)   Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes                        ☑ no

If you answered yes, answer the following questions:

(A)  What was the Court of Criminal Appeals' writ number? __ N/A __

3

(B) What was the decision and the date of the decision? _____NA_____

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____NA_____

_____NA_____

_____NA_____

_____

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                    ☑ no

If you answered yes, please provide the name of the court and the case number:

_____NA_____

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                    ☑ no

If you answered yes, answer the following questions:

(A) What date did you present the claim? _____NA_____

(B) Did you receive a decision and, if yes, what was the date of the decision?

_____NA_____

If you answered no, please explain why you have not submitted your claim:

4

_NA_

(17)   Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*
If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

**GROUND ONE:**

Violation of Texas Code of Criminal Proc. 2.133

**FACTS SUPPORTING GROUND ONE:**

No Citation was given or was there any Violation Notice to Justify the Stop and Search or the warrentless Arrest before the search.

6

**GROUND TWO:**

_____

_____

**FACTS SUPPORTING GROUND TWO:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

### VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

**OATH BEFORE A NOTARY PUBLIC**

STATE OF TEXAS

COUNTY OF _Dallas_

_Reginald Thompson_ , being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _13_ DAY OF _March_ , 20____ .


_____
Signature of Notary Public

16

## PETITIONER'S INFORMATION

Petitioner's printed name: _Reynald_

State bar number, if applicable: _____

Address: _Linsley Stat Jail_

_1620 FM 3349_

_Jacks Boro, Teres 76458_

Telephone: _2_

Fax: _____

## INMATE'S DECLARATION

I, _Reginald Thompson_, am the applicant / petitioner (circle one) and

being presently incarcerated in _Lindsey Unit_, declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _March 13_, 20 _15_.

_[signature]_

Signature of Applicant / Petitioner (circle one)

17

## PETITIONER'S INFORMATION

Petitioner's printed name: _Reginald Thompson_

Address: _Lindsey Unit_

_1620 FM 3344_

_Jacksboro, Texas 76458_

Telephone: _____

Fax: _____

Signed on _March 15_, 20_15_.

_____
Signature of Petitioner

18

Case No. PD-0092-15
(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: Reginald Thompson

DATE OF BIRTH: 01-06-89

PLACE OF CONFINEMENT: Lindsey State Jail Unit

TDCJ-CID NUMBER: 1897562    SID NUMBER: _____

(1)   This application concerns (check all that apply):

☐  a conviction                    ☐  parole

☐  a sentence                      ☐  mandatory supervision

☐  time credit                     ☑  out-of-time appeal or petition for
                                        discretionary review

(2)   **What district court entered the judgment of the conviction you want relief from?**
       (Include the court number and county.)

CDC #5 Dallas County

(3)   **What was the case number in the trial court?**

F1357591L

(4)   **What was the name of the trial judge?**

Carter Thompson

(5)   Were you represented by counsel? If yes, provide the attorney's name:

_____

(6)   What was the date that the judgment was entered?

_____

(7)   For what offense were you convicted and what was the sentence?

_____

(8)   If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

_____

_____

(9)   What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☐ not guilty               ☑ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

_____

_____

(10)  What kind of trial did you have?

☑ no jury                  ☐ jury for guilt and punishment
                           ☐ jury for guilt, judge for punishment

2

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

_____ N/A _____

(12) Did you appeal from the judgment of conviction?

☐ yes ☑ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? _____ N/A _____

(B) What was the case number? _____ N/A _____

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

_____ N/A _____

(D) What was the decision and the date of the decision? _____ N/A _____

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes ☑ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? _____ N/A _____

(B) What was the decision and the date of the decision? _____ N/A _____

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes ☑ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? _____ N/A _____

3

**(B)** What was the decision and the date of the decision? _____ N/A _____

**(C)** Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____ N/A _____

_____

_____

_____

**(15)** Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes          ☑ no

If you answered yes, please provide the name of the court and the case number:

_____ N/A _____

**(16)** If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes          ☑ no

If you answered yes, answer the following questions:

**(A)** What date did you present the claim? _____ N/A _____

**(B)** Did you receive a decision and, if yes, what was the date of the decision?

_____ N/A _____

If you answered no, please explain why you have not submitted your claim:

4

_N/A_

(17)  Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*
If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

**GROUND ONE:**

Violation of Texas Code of Criminal Proc. 2.133

**FACTS SUPPORTING GROUND ONE:**

No Citations Are made to support the Arrest and detention Aswell As the Appellant was not Violating Any Laws to Justify the Search of his Vehical.

6

**GROUND TWO:**

_____

_____

**FACTS SUPPORTING GROUND TWO:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

11

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

### VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF ___Dallas___

___Reginal Thompson___, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _13_ DAY OF _March_, 20_15_.

_____
Signature of Notary Public

16

## PETITIONER'S INFORMATION

Petitioner's printed name:_____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone:_____

Fax:_____

## INMATE'S DECLARATION

I, _Benjamin Thompson_ , am the applicant / petitioner (circle one) and

being presently incarcerated in _Lindsey Unit_ , declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _March 13_ , 20 _15_ .

_____
Signature of Applicant / Petitioner (circle one)

17

**PETITIONER'S INFORMATION**

Petitioner's printed name: _Reginald Thompson_

Address: _Lindsey Unit_

_1620 FM 3344_

_Jacksboro Texas 764_

Telephone: _____

Fax: _____

Signed on _March 13_ , 20 _15_.

_____
Signature of Petitioner

18

AFFIRMED; Opinion Filed December 15, 2014.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-14-00139-CR
No. 05-14-00140-CR
No. 05-14-00141-CR
No. 05-14-00142-CR
No. 05-14-00143-CR

## REGINALD DONEY THOMPSON, Appellant
### V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 5
Dallas County, Texas
Trial Court Cause Nos. F07-24608-L, F11-61783-L,
F11-61784-L, F13-57590-L, and F13-57591-L**

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and Evans
Opinion by Justice Evans

Reginald Doney Thompson appeals the trial court's revocation of his community supervision and adjudication of guilt for aggravated robbery in cause number F07-24608-L, unlawful possession of a firearm by a felon in cause number F11-61783-L, and possession of less than one gram of cocaine in cause number F11-61784-L.[1] After entering into negotiated plea agreements in cause numbers F13-57590-L (unlawful possession of firearm by a felon) and F13-57591-L (possession of more than one gram, but less than four grams of cocaine)[2], he also

---

[1] Appellate cause numbers 05-14-00139-CR, 05-14-00140-CR, and 05-14-00141 respectively.

[2] Appellate cause numbers 05-14-00142-CR and 05-14-00143-CR respectively.

appeals the trial court's denial of his motion to suppress.[3] In one issue, appellant challenges the trial court's jurisdiction in all five cases because they were never transferred to its docket. In another issue, he contends trial court abused its discretion in denying his motion to suppress. Concluding both issues lack merit, we affirm the trial court's judgments in all five cases.

## BACKGROUND

Appellant was on deferred adjudication community supervision for three prior offenses when he was arrested on July 3, 2013 and charged with unlawful possession of a firearm by a felon and possession of cocaine. The State moved to proceed to adjudicate guilt in the three community supervision cases based on the 2013 offenses and appellant's failure to comply with additional conditions of his community supervision. Appellant pleaded not true to the State's allegations. Appellant also moved to suppress the evidence obtained in the warrantless search leading to his arrest and the 2013 charges. After a hearing, the trial court denied the motion to suppress and found appellant guilty in three deferred adjudication cases and assessed punishment at ten years' imprisonment for each case. Appellant pleaded guilty to the 2013 offenses and pursuant to a negotiated plea agreement, the trial court sentenced appellant to six years' imprisonment for each case.

## ANALYSIS

### I.   *Docket Transfer*

We first address the issue in which appellant argues the Criminal District Court No. 5 of Dallas County, Texas lacked jurisdiction in all five cases because the indictments were presented to other Dallas County Criminal District or District Courts and not properly transferred to the docket of the Criminal District Court No. 5. A defendant has the right to be tried in a court with jurisdiction over him and the subject-matter of the case. *See Saldano v. State*, 70 S.W.3d 873,

---

[3] The trial court certified appellant's right to appeal the denial of his motion to suppress in these cases.

888 (Tex. Crim. App. 2002). Jurisdiction over felony cases such as appellant's lies in the district or criminal district court where the indictment is first filed. *See* TEX. CODE CRIM. PROC. ANN. arts. 4.05, 4.16 (West 2005). No transfer order, however, is required where one court empanels the grand jury that returns the indictment in the case, but the indictment is filed in another court. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd). The record here shows that the indictment in cause number F-07-24608 was presented to the 204th District Court; the indictment in cause number F11-61783 was presented to Criminal District Court No. 3; the indictment in cause number F11-61784 was presented to the 363rd District Court; and the indictments in cause numbers F13-57590 and F13-57591 were presented to Criminal District Court No. 2. All five indictments, however, were filed in Criminal District Court No. 5 and there is nothing in the record to indicate the cases were originally filed in a court other than the Criminal District Court No. 5. Accordingly, no transfer order was needed to confer Criminal District Court No. 5 with jurisdiction over these cases. *See id.*

Moreover, Texas courts have held that even when such a transfer order is required, its absence from the record is a procedural error rather than jurisdictional error. *See Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet ref'd); *Mills v. State*, 742 S.W.2d 831, 834–35 (Tex. App.—Dallas 1987, no writ.). The absence of a transfer order merely subjects the transferee court to a timely plea to the jurisdiction; it does not render actions of the transferee court void. *Lemasurier*, 91 S.W.3d at 899; *Mills*, 742 S.W.2d at 835. If no timely plea to the jurisdiction is filed in the trial court, appellant waives the right to complain about the lack of a transfer order on appeal. *See Mills*, 742 S.W.2d at 835. Appellant acknowledges that *Mills* and other cases directly contradict his position that the lack of transfer order constitutes jurisdictional error that may be presented for the first time on appeal. The only reason appellant presents for departing from long-standing precedent is his contention that these cases "simply

–3–

cite to their antecedents without any Constitutional or statutory authority for the proposition that a jurisdictional defect can be cured by a procedural default." We are not persuaded by appellant's argument. Because appellant did not file a plea to the jurisdiction in the trial court, he has waived his complaint about the lack of a transfer order. *See Lemasurier*, 91 S.W.3d at 899; *Mills*, 742 S.W.2d at 835. We therefore resolve this issue against appellant.

## II.    *Motion to Suppress*

In cause numbers F13-57590 (unlawful possession of firearm by a felon) and F13-57591 (possession of more than one gram, but less than four grams of cocaine) appellant raises an issue complaining of the trial court's denial of his motion to suppress. Specifically, appellant argues the trial court erred by finding the officers had a reasonable belief there might be someone inside the apartment needing aid, thereby justifying the warrantless entry into the apartment.

In its written findings of fact, the trial court found the following. On July 3, 2013, Dallas police officers received a dispatch regarding shots fired at apartment 518 at 520 West Page Avenue in Dallas, Texas. The caller told dispatch a heavy-set black male with braided hair carrying a shotgun or pump style gun had entered his apartment, unit 518. The caller also reported hearing gunshots fired inside the apartment.

Officers went to the apartment complex and knocked on the door of unit 518. No one answered immediately. Shortly after their arrival, officers encountered a woman approaching the door to unit 518 who indicated she knew the occupant. She also knocked on the door and attempted to get the occupant to answer. After a couple of minutes, a heavy-set black male with braided hair, later identified as appellant, opened the door. He matched the caller's description and stood in the doorway blocking the officer's view into the apartment. One of the officers advised appellant why they were and asked to enter the apartment. When appellant attempted to close the door, officers pushed it open and entered the apartment. One of the officers testified

that they entered the apartment to ensure no one was injured, to determine if anyone was in need of assistance, to investigate or prevent a dangerous situation, or to protect someone who might be in the apartment. After entering the apartment, officers observed a handgun, marijuana, and cocaine in plain view.

The trial court found that, based on the facts known at the time, the officers reasonably believed someone inside the residence could be in need of immediate aid and they needed to act to preserve life or avoid serious injury. The trial court concluded the warrantless search was justified under the both the emergency doctrine and exigent circumstances doctrine.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review where we afford almost total deference to the trial court's findings of historical fact while applying a de novo review to the trial court's application of the law of search and seizure to the facts. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We view the evidence in the light most favorable to the trial court's ruling, so long as its express or implied findings are supported by the record. *Id.* The trial court's ruling will be upheld if it is "reasonably supported by the record and is correct on any theory of law applicable to the case." *Id.* (quoting *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

A warrantless search of a premises is unreasonable under the Fourth Amendment to the United States Constitution unless it falls within one of the recognized exceptions to the warrant requirement. *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007). One of these exceptions is the emergency doctrine. *Laney v. State*, 117 S.W.3d 854, 861 (Tex. Crim. App. 2003). This exception applies when the police act in their community caretaking role and is limited to the caretaking functions of protecting or preserving life or avoiding serious injury. *Id.* at 860–61. A warrantless entry and search is justified under the emergency doctrine when the officers reasonably believe a person within is in need of immediate aid. *Id.* at 860. When

assessing whether a warrantless search is justified under the emergency doctrine, we apply an objective standard based on the police officers' conduct and the facts and circumstances known to the officers at the time of the search. *Id.* at 862. If the doctrine applies, police may seize evidence in plain view during the course of their legitimate emergency activities. *Id.*

Based on the record before us, we conclude the emergency doctrine justified the warrantless entry into the apartment. Officers testified that they went to the apartment where they encountered appellant in response to a 911 call stating a man with a gun entered that apartment and that the caller heard shots fired inside that apartment. When the officers first knocked on the door, no one responded. Appellant answered the door a couple of minutes later and matched the description of the man with the gun provided by the 911 caller. When the officers explained why they were there and asked to enter the apartment to make sure no one was injured or shot inside, appellant tried to shut the door. The officers then pushed the door open and proceeded to check the apartment to make sure no one was injured or shot inside or needed assistance. It was during this check that the officers found the gun and drugs in plain view. One testifying officer continued to emphasize the purpose in entering the apartment was to make sure no one was injured or needed assistance based on the 911 report and appellant's behavior of not answering the door when the police first knocked and then attempted to the shut the door when he asked to enter. Based on these facts, an officer could have reasonably believed entering the apartment was necessary to protect or preserve life or avoid serious injury.

Reviewing the totality of the circumstances in the light most favorable to the support the trial court's judgment, we conclude the trial court did not abuse its discretion in determining the emergency doctrine applied to these facts. Our conclusion that the emergency doctrine supports the trial court's ruling make is unnecessary to address whether the trial court's denial of the

motion to suppress can also be upheld based on the exigent circumstances doctrine. We resolve this issue against appellant.

We affirm the trial court's judgments.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140139F.U05



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

REGINALD DONEY THOMPSON,
Appellant

No. 05-14-00139-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F07-24608-L
Opinion delivered by Justice Evans, Justices
Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of December, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REGINALD DONEY THOMPSON,
Appellant

No. 05-14-00140-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F11-61783-L
Opinion delivered by Justice Evans, Justices
Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of December, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

REGINALD DONEY THOMPSON,
Appellant

No. 05-14-00141-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F11-61784-L
Opinion delivered by Justice Evans, Justices
Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 15th day of December, 2014.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

REGINALD DONEY THOMPSON,
Appellant

No. 05-14-00142-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F13-57590-L
Opinion delivered by Justice Evans, Justices
Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of December, 2014.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

REGINALD DONEY THOMPSON,
Appellant

No. 05-14-00143-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F13-57591-L
Opinion delivered by Justice Evans, Justices
Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of December, 2014.