**Philip Keith LEMASURIER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–01–404–CR.**

Court of Appeals of Texas, Fort Worth.

Nov. 21, 2002.

Kenneth W. Mullen, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney; Charles W. Mallin, Chief Appellate Division; C. James Gibson, Ben Leonard and Bret Helmer, Assistant District Attorneys of Tarrant County, for appellee.

PANEL A: CAYCE, C.J.; DAY and GARDNER, JJ.

## OPINION

Anne GARDNER, Justice.

A jury convicted Appellant Philip Keith Lemasurier of the aggravated sexual assault of his stepdaughter, and sentence was assessed at fifty years' imprisonment. In five points on appeal, Appellant contends that (1) the judgment against him is void or voidable because his trial did not take place in the court in which he was indicted; (2) the judgment is void or voidable because the magistrate who conducted jury selection was not authorized to do so and because the trial court never entered an order adopting the actions of the magistrate in seating the jury; (3) the trial court abused its discretion when it allowed an expert witness not on the State's witness list to testify; and (4) the trial court abused its discretion in allowing evidence of extraneous offenses, bad acts, or unadjudicated misconduct. We affirm.

### BACKGROUND FACTS

After Appellant's wife notified authorities that she had learned that Appellant had engaged in certain sexual conduct with her seven-year-old daughter N.S., Appellant was indicted for one count of aggravated sexual assault by penetration and for five counts of sexual assault by contact. At trial, the court charged the jury only on the first and sixth counts, both aggravated sexual assault by contact. The jury found Appellant guilty on both counts.

### DOCKET TRANSFER

In his first point, Appellant contends that the judgment against him is void or voidable because he was not tried in the court in which he had been indicted. The indictment lists the court as the 213th District Court. The trial took place in and the judgment was issued from Criminal District Court Number One. The record does not contain an order transferring the indictment.

According to Appellant, the trial court exceeded its jurisdiction in hearing a case when the indictment was pending in another court. Appellant's argument rests squarely on his characterization of the lack of transfer order as a jurisdictional matter. This court, however, has determined that the absence of a transfer order in a record does not invalidate a judgment in a case in which the indictment was returned in a court different from the one in which trial was conducted:

> [T]he fact that no transfer order is contained in the record is a procedural matter, not a jurisdictional one. It does not render the actions of the transferee court void, but merely makes them subject to a valid and timely plea to the court's jurisdiction. *Sharkey v. State,* 994 S.W.2d 417, 419 (Tex.App.-Texarkana 1999, no pet.); [*Garcia v. State,* 901 S.W.2d 731, 732–33 (Tex.App.-Houston [14th Dist.] 1995, pet. ref'd)]. If a defendant does not file a timely plea to the jurisdiction, he waives any right to

complain that a transfer order does not appear in the record. *Sharkey,* 994 S.W.2d at 419.

*Evans v. State,* 61 S.W.3d 688, 690 (Tex. App.-Fort Worth 2001, no pet.).

Because Appellant did not pursue a plea to the jurisdiction, he waived error on the lack of transfer order. *See id.* We overrule Appellant's first point.

### Magistrate's Involvement

In his second and third points, Appellant contends that the judgment is void or voidable because the magistrate who conducted jury selection was not authorized to do so and because the trial court never entered an order adopting the actions of the magistrate in seating the jury. On July 20, 2001, the district clerk recorded an order from the trial court referring the case to a magistrate for the limited purpose of conducting jury selection. There is no record of the proceeding before the magistrate, and the record does not contain an order adopting the actions of the magistrate in selecting the jury.

■ The record is also devoid of any objection from Appellant regarding the trial court's referral of jury selection to the magistrate. This court has previously addressed an unobjected-to challenge to a magistrate's authority to conduct voir dire. In that case, we held that, because the appellant failed to make timely objections at trial to the magistrate's conducting voir dire, he did not preserve any error as to whether the magistrate had statutory authority to do so. *McKinney v. State,* 880 S.W.2d 868, 870 (Tex.App.-Fort Worth 1994, pet. ref'd). Similarly, the court of criminal appeals has held that "procedural irregularities," including signing a transfer order *after* the magistrate had accepted a defendant's plea, are not jurisdictional and therefore cannot be raised for the first time on appeal. *Davis v. State,* 956 S.W.2d 555, 560 (Tex.Crim.App.1997) (clarifying that the only issue that is jurisdictional and may be raised on appeal for the first time with regards to a magistrate is the magistrate's qualification to hold the position of magistrate).

Because Appellant failed to object either to the failure of the trial court to enter an order adopting the actions of the magistrate in selecting the jury or to the authority of the magistrate to conduct jury selection, he waived error on the questions. We overrule Appellant's second and third points.

### EXPERT WITNESS

In his fourth point, Appellant argues that the trial court erred when it allowed Araceli Desmarais, the sexual assault nurse examiner who examined N.S., to testify over his objection even though she was not included on the State's witness list.

■ The decision to allow a witness who was not on the State's witness list to testify is a matter within the court's discretion. *Martinez v. State,* 867 S.W.2d 30, 39 (Tex.Crim.App.1993), *cert. denied,* 512 U.S. 1246, 114 S.Ct. 2765, 129 L.Ed.2d 879 (1994); *Stoker v. State,* 788 S.W.2d 1, 15 (Tex.Crim.App.1989), *cert. denied,* 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990); *Fincher v. State,* 980 S.W.2d 886, 888 (Tex. App.-Fort Worth 1998, pet. ref'd). Among the factors a reviewing court considers in determining whether there has been an abuse of discretion are: (1) a showing of bad faith on the part of the prosecutor in failing to disclose the witness's name before trial; and (2) whether the defendant could have reasonably anticipated that the witness would testify, although his or her name was not included on the witness list. *See Nobles v. State,* 843 S.W.2d 503, 514–15 (Tex.Crim.App.1992); *Stoker,* 788 S.W.2d at 15 (citing *Hightower v. State,*

629 S.W.2d 920, 925 (Tex.Crim.App. [Panel Op.] 1981)).

■ Here, the record contains no evidence that the State acted in bad faith in failing to include Desmarais on its witness list. In fact, the prosecutor informed the court that he was merely negligent in leaving the name off the list. Appellant did not challenge this assertion. Moreover, the record contains an indication that Appellant should have reasonably anticipated that Desmarais would testify even though her name was not included on the witness list. Appellant asked for a continuance on the morning that Desmarais was presented as a witness because his research regarding the report she produced after meeting with N.S. was unfinished. In an exchange regarding Appellant's objection to Desmarais being allowed to testify, the prosecutor noted that Desmarais's report had been a part of the file since the case was filed and that Appellant's counsel had previously acknowledged that he had been aware of the report since the first time he examined the State's file. Appellant did not contradict these statements.

Thus, Appellant has failed to establish either that the State acted in bad faith in not including Desmarais on its witness list or that he could not reasonably have anticipated that Desmarais would testify. As such, Appellant has not established that the trial court abused its discretion in allowing Desmarais to testify over his objection.[1] We overrule Appellant's fourth point.

## EXTRANEOUS BAD ACTS

In his fifth point, Appellant contends that the trial court abused its discretion in allowing evidence of extraneous offenses, bad acts, or unadjudicated misconduct to be introduced after the State failed to provide adequate notice that would have allowed him to investigate those prior incidents. Appellant specifically complains of: (1) his sister's testimony that her daughter had claimed that Appellant molested her; (2) his niece's testimony that she told the truth when she told her mother that Appellant molested her; (3) questions regarding problems and altercations between Appellant and his ex-wife; (4) questions regarding allegations that Appellant overstayed visitation with his children to the point that police had to be called; (5) the suggestion that Appellant frequently visited chat rooms to meet sex partners; (6) the suggestion that Appellant exchanged sexually charged e-mail with a teenager; (7) questions regarding Appellant's statement that N.S. might have been able to see him masturbating in his bedroom as he watched pornographic movies; and (8) questions regarding allegations that he had engaged in sexual activity with his niece and with his son.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX.R.APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim.App.1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). The trial court must have ruled on the request, objection, or motion, expressly or implicitly, or refused to rule, and the complaining party objected to the

---

1. Appellant also includes an argument under TEX.CODE CRIM. PROC. ANN. art. 39.14(b) (Vernon Supp.2003), which provides that the trial court may order one party to disclose to the other an expert witness it plans to have testi- fy. Inasmuch as the record contains no order pursuant to this article and no request for such an order, we hold article 39.14(b) to be irrelevant to our analysis under this point.

refusal. Tex.R.App. P. 33.1(a)(2); *Taylor v. State,* 939 S.W.2d 148, 155 (Tex.Crim.App. 1996).

 Moreover, an objection preserves only the specific ground cited. Tex.R.App. P. 33.1(a)(1)(A); *Mosley,* 983 S.W.2d at 265; *Butler v. State,* 872 S.W.2d 227, 237 (Tex.Crim.App.1994), *cert. denied,* 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995); *see also Fierro v. State,* 706 S.W.2d 310, 317–18 (Tex.Crim.App.1986), *cert. denied,* 521 U.S. 1122, 117 S.Ct. 2517, 138 L.Ed.2d 1019 (1997) (a general objection is not sufficient to apprise trial court of complaint urged and thus preserves nothing for review). In other words, an objection stating one legal basis may not be used to support a different legal theory on appeal. Therefore, if counsel objects on an incorrect ground at trial and is overruled, but later cites the correct ground to the appellate court, error is not preserved. *Bell v. State,* 938 S.W.2d 35, 54 (Tex.Crim.App.1996), *cert. denied,* 522 U.S. 827, 118 S.Ct. 90, 139 L.Ed.2d 46 (1997); *Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App.1990). Essentially, the complaint made on appeal must comport with the complaint made in the trial court, or the error is waived. *Butler,* 872 S.W.2d at 236; *Rezac,* 782 S.W.2d at 870.

Before Appellant took the stand, his trial counsel outlined the conduct that he had been advised would be discussed and asked the trial court to disallow testimony regarding those acts. He articulated no specific grounds to support the exclusion of the evidence. During the testimony about which Appellant now complains, Appellant lodged only two objections: (1) that the State had asked a leading question; and (2) that the matter being inquired into was irrelevant. Appellant never once objected that the State was proposing to delve into extraneous offenses, bad acts, or unadjudicated mis-

conduct about which he had not been provided notice that would have allowed him to adequately investigate the incidents.

Because the trial court was not given the opportunity to rule on the argument Appellant now presents, we hold that Appellant waived error on his complaint that he was not given sufficient notice of the alleged bad acts the State put before the jury. We overrule Appellant's fifth point.

## CONCLUSION

Having overruled Appellant's points, we affirm the judgment of the trial court.