**Affirmed and Opinion Filed June 10, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00747-CR

### SANTOS ANTONIO, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 291st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-1259381-U

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice O'Neill

A jury convicted appellant Santos Antonio of aggravated sexual assault and sentenced him to seventy-five years' confinement. On appeal, he argues the evidence is legally insufficient to support his conviction, and the trial court did not have jurisdiction to hear his case because it was never transferred to the court's docket. We affirm the trial court's judgment.

## Background

M.A., the complainant and appellant's daughter, lived in a small, two-bedroom home with appellant and four other family members. M.A. testified appellant started abusing her when she was five or six.[1] He did it on more than one occasion. She testified appellant put his "private part" in her "butt" and it hurt. She described one instance in which she had been playing with

---

[1] She was eleven at the time of trial.

her siblings, and appellant asked her brother to grab her and help carry her to the bedroom.[2] Appellant then locked the door. She said no one else was present in the room when appellant penetrated her bottom. She did, however, describe other instances in which appellant came to her room while she and her siblings were sleeping and inappropriately touched her.

The abuse stopped when M.A. was nine year old, and her mother and siblings moved to Tennessee to live with family. Because of marital discord, appellant stayed in Dallas.

While living in Tennessee, M.A. confided in three family members, whom she considered her aunts, about appellant's abuse. Gloria Diego testified at trial and confirmed M.A.'s admission.

After about a year, appellant and M.A.'s mother reconciled. Mother decided to move the family back to Dallas.

Family members contacted Tennessee authorities about M.A.'s allegations; however, when authorities learned the abuse occurred outside their jurisdiction, they contacted Officer Daniel Greene in Dallas County. Officer Greene served as lead detective in the investigation.

Officer Greene learned that M.A.'s mother intended to return to Dallas with the children and reunite with appellant. Officer Greene then contacted Child Protective Services. Ruben Villegas was assigned as the caseworker in the investigation.

Villegas located M.A. upon her return to Dallas and brought her to the Dallas Children's Advocacy Center for a forensic interview. Based on the interview, Officer Greene obtained an arrest warrant for appellant.

Appellant was arrested and interviewed by Officer Greene. During the interview, appellant first denied any involvement with M.A., but toward the end of the interview, he admitted to committing the offense. Appellant even demonstrated with his finger how much of

---

[2]Complainant shared one bedroom with two of her siblings, and her parents shared the second bedroom with another sibling.

his penis he inserted into M.A.'s anus. "He held up his hand with his pointer finger extended and then he used his thumb and placed it just below the fingernail of his pointer finger to indicate how far or how much of his penis is penetrating his daughter."

The jury convicted appellant of aggravated sexual assault of a child and sentenced him to seventy-five years' confinement. This appeal followed.

## Sufficiency of the Evidence

In his first issue, appellant argues the evidence is legally insufficient to support his conviction. He challenges the complainant's credibility and argues the abuse could not have occurred because many people lived in the small home; therefore, "[t]here was **no** privacy in that home." [Emphasis in original.] The State responds the complainant's trial testimony, along with her outcry and appellant's confession, are sufficient to support his conviction.

The standard for determining whether the evidence is legally sufficient to support a conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012). The jury is the exclusive judge of witness credibility and the weight to be given testimony. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc). It is also within the exclusive province of the jury to reconcile conflicts in the evidence. *Id*.

To prove the elements of aggravated sexual assault of a child, the State must prove appellant intentionally and knowingly caused the penetration of the anus or female sexual organ of a child by any means. TEX. PEN. CODE ANN. § 22.021(a)(1)(B)(i) (West Supp. 2013). Here, the State indicted appellant for intentionally and knowingly causing the penetration of the anus of M.A., a child who was not his spouse, with his sexual organ.

–3–

In challenging the sufficiency of the evidence, appellant focuses on attacking M.A.'s credibility. For example, he argues the evidence clearly shows the bedrooms in the house did not have doors; therefore, M.A.'s statement that appellant abused her behind locked doors was a lie. He further contends there was no privacy in the home or any opportunity to commit the abuse because of its small size and the number of people living there. In addition, appellant contends he lived with other young, female relatives and never tried to abuse them; therefore, M.A. lied about the abuse.

Although M.A. testified her bedroom had a door with a lock and pictures showed otherwise, this inconsistent detail does not definitively favor or contradict the jury's verdict. *See, e.g., Revels v. State*, 334 S.W.3d 46, 53 (Tex. App.—Dallas 2008, no pet.) (noting any inconsistent or vague details in complainant's testimony did not favor or contradict verdict, but rather bore on witness credibility). Moreover, the jury was free to disbelieve that the size of the home and the number of people living in it eliminated the opportunity for appellant to abuse M.A. Under a legal sufficiency standard of review, we must defer to the jury on issues of credibility and conflicts in evidence. *Wesbrook*, 29 S.W.3d at 111. The jury was free to believe M.A.'s testimony in which she consistently stated appellant penetrated her anus with his penis. The testimony of the child victim alone is sufficient to support a conviction for sexual assault. *See Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd).

In addition to M.A.'s testimony, the jury heard other incriminating evidence supporting appellant's conviction. M.A.'s aunt testified regarding the abuse, and Officer Greene read from translated portions of appellant's police interview in which he admitted and provided details of the sexual assault. While appellant agrees his statements during the police interview are incriminating, he argues "the out of court statement made by a defendant must be corroborated by other evidence to sustain a conviction." Here, the statement was corroborated through M.A.'s

testimony. Accordingly, after reviewing the record in the light most favorable to the verdict, we conclude the evidence is sufficient to support each element of aggravated sexual assault of a child. Appellant's first issue is overruled.

## Trial Court's Jurisdiction

In his second issue, appellant argues the 291st District Court of Dallas County, Texas did not obtain jurisdiction over the indictment because the indictment was presented to the 363rd Criminal District Court of Dallas County, Texas, and no transfer order appears in the record.

Courts have held that when a record does not contain a transfer order, the error is one of procedure and not jurisdiction. *See Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet. ref'd); *Bridwell v. State*, No. 05-07-00258-CR, 2008 WL 467271, at *2 (Tex. App.—Dallas Feb. 23, 2008, no pet.) (not designated for publication). The absence of a transfer order in the record does not render the actions of the transferee court void. *Lamasurier*, 91 S.W.3d at 899; *Bridwell*, 2008 WL 467271, at *2. Rather, it merely makes the transferee court's action subject to a timely plea to the jurisdiction. *Lamasurier*, 91 S.W.3d at 899. If a defendant fails to file a timely plea to the jurisdiction, he waives any right to complain that a transfer order does not appear in the record. *Mills v. State*, 742 S.W.2d 832, 835 (Tex. App.—Dallas 1987, no writ); *Bridwell*, 2008 WL 467271, at *2.

Appellant did not file a plea to the jurisdiction. Moreover, appellant admits the case law is well-settled against him and appears to ask us to revisit the issue because the cases "simply cite to their antecedents without any Constitutional or statutory authority for the proposition that a jurisdictional defect can be cured by procedural default." We decline his invitation to revisit the issue. *Goff v. State*, No. 05-13-00876-CR, 2014 WL 259668, at *5 (Tex. App.—Dallas Jan. 22, 2014, no pet.) (mem. op., not designated for publication) (declining invitation to reconsider transfer order issue for the same reasons). We overrule appellant's second issue.

**Conclusion**

The judgment of the trial court is affirmed.

<div style="float:right">

/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
JUSTICE
</div>

Do Not Publish
TEX. R. APP. P. 47
130747F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SANTOS ANTONIO, Appellant

No. 05-13-00747-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1259381-U.
Opinion delivered by Justice O'Neill.
Justices Moseley and FitzGerald participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 10, 2014

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE