**AFFIRMED; Opinion Filed October 17, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01344-CR

**BRYSON DEWAYNE HOPKINS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-53651-V**

## MEMORANDUM OPINION

Before Justices Myers, Evans and Brown
Opinion by Justice Evans

Bryson Dewayne Hopkins appeals his conviction following the adjudication of guilt for the offense of assault. Appellant contends the trial court did not have jurisdiction to hear the case and render judgment. We affirm the trial court's judgment.

### BACKGROUND

Appellant was charged by indictment with assault involving family violence, enhanced by a previous conviction for assault involving family violence. Appellant pleaded guilty to the offense. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed appellant on community supervision for a period of four years.

The State filed a motion to revoke appellant's probation or proceed with an adjudication of guilt ("Motion") alleging ten violations of the conditions of community supervision. Prior to the

hearing, the State abandoned two of the allegations in the Motion. Appellant pleaded true to the remaining allegations. After hearing the evidence, the trial court granted the State's motion, found appellant guilty as charged in the indictment, and sentenced him to nine years' imprisonment. The trial court also made a family violence finding. Appellant's motion for new trial was denied. This appeal followed.

## ANALYSIS

In a single issue, appellant contends that the trial court lacked jurisdiction because the case was originally presented for indictment in a different trial court, and there were no written orders transferring the case to the court that tried the case and rendered judgment.[1]

When a defendant fails to file a plea to the jurisdiction, he waives any right to complain that a transfer order does not appear in the record. *See Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet. ref'd); *Mills v. State*, 742 S.W.2d 831, 834–35 (Tex. App.—Dallas, 1987, no writ.). Appellant did not file a plea to the jurisdiction in this case.

Further, even if appellant had preserved his complaint for our review, this Court has considered and rejected this argument on numerous occasions, and we do so again today. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd); *Hines v. State*, No. 05-17-00416-CR, 2017 WL 6276005 at *1–2 (Tex. App.—Dallas December 11, 2017, no pet.) (mem.op., not designated for publication); *Hawkins v. State*, No. 05-15-00859-CR, 2016 WL 335702, at *1 (Tex. App.—Dallas January 27, 2016, no pet.) (mem. op., not designated for publication). The 292nd Judicial District Court had jurisdiction to hear appellant's case and render the judgment. We overrule appellant's sole issue.

---

[1] Appellant's indictment was presented to a grand jury in Criminal District Court No. 2. Appellant's original plea proceedings were held in Criminal District Court No. 5. After the State filed the motion to adjudicate guilt, appellant's case was transferred to the 283rd Judicial District Court and then transferred back and forth between the 283rd Judicial District Court and the 292nd Judicial District Court three times before the 292nd Judicial District Court rendered judgment and sentenced appellant to prison. Appellant does not challenge the transfer of the proceedings between the 283rd Judicial District Court and the 292nd Judicial District Court.

**CONCLUSION**

We affirm the trial court's judgment adjudicating guilt.


/David Evans/
DAVID EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
171344F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRYSON DEWAYNE HOPKINS,
Appellant

No. 05-17-01344-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F16-53651-V.
Opinion delivered by Justice Evans,
Justices Myers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 17th day of October, 2018.