**AFFIRMED as MODIFIED and Opinion Filed November 19, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00112-CR
### No. 05-19-00113-CR
### No. 05-19-00114-CR

**KEILON MARCEL WRIGHT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1755630-P, F-1755631-P, F-1755632-P**

## MEMORANDUM OPINION
Before Justices Bridges, Whitehill, and Nowell
Opinion by Justice Bridges

The State indicted appellant Keilon Marcel Wright for aggravated robbery. The trial court accepted his open guilty plea in each case, conducted a consolidated punishment hearing, and sentenced appellant to thirty years' confinement in each case, ordered to run concurrently. Appellant raises the same issue in all three appeals. He argues the trial court lacked jurisdiction to hear the cases and render judgments because the cases were not properly transferred to the trial court's docket. Because the facts are known to the parties and unnecessary for disposition of the appeals, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.1. As modified, we affirm the trial court's judgments.

In a single issue, appellant challenges the jurisdiction of the trial court. The record shows indictments were returned to the 291st district court, then later appeared on the 195th district court's docket, and subsequently were transferred to the 203rd district court. Because the records do not contain any transfer orders, appellant contends the 203rd district court never acquired jurisdiction thereby rending the judgments void.

This Court has repeatedly addressed appellant's argument and held a party must file a plea to the jurisdiction to preserve this complaint for appeal. *See Halton v. State*, No. 05-14-00640-CR, 2015 WL 3991827, at *12 (Tex. App.—Dallas July 1, 2015, no pet.) (mem. op., not designated for publication) (citing *Lemasurier v. State*, 91 S.W.3d 897, 899–900 (Tex. App.—Fort Worth 2002, pet. ref'd) (defendant who fails to file a plea to jurisdiction waives complaint because lack of transfer order in record is procedural, not jurisdiction)).[1] No such plea was filed in these cases. Accordingly, appellant has not preserved his issue for review. *Id.*; *see also Chapin v. State*, No. 05-15-01009-CR, 2016 WL 4421570, at *6 (Tex. App.—Dallas Aug. 19, 2016, no pet.) (mem. op., not designated for publication) (same).

In two cross issues, the State requests modification of the judgments to reflect a deadly weapon finding and to reflect the authority for the deadly-weapon finding pursuant to Texas Code of Criminal Procedure article 42A.054(c) rather than article 42.12, section 3(g). An appellate court may modify a judgment when it has the necessary information to do so. *Asberry v. State*, 813 S.W.2d 526, 530 (Tex. App.—Dallas 1991 pet. ref'd).

For a trial court to enter a deadly-weapon finding in the judgment, the trier of fact must first make an affirmative finding to that effect. *See Duran v. State*, 492 S.W.3d 741, 746 (Tex.

---

[1] *See Ward v. State*, No. 05–14–00270–CR, 2015 WL 1569823, at *6 (Tex. App.—Dallas Apr. 3, 2015, no pet.) (mem. op., not designated for publication); *Gullatt v. State*, No. 05-13-01515-CR, 2014 WL 7499045, at *3 (Tex. App.—Dallas Dec. 29, 2014, no pet.) (mem. op., not designated for publication); *Brown v. State*, No. 05-10-00328-CR, 2011 WL 2477649, at *5 (Tex. App.—Dallas June 23, 2011, pet. ref'd) (not designated for publication); *Chappel v. State*, No. 05–10–00629–CR, 2011 WL 2438520, at *1 (Tex. App.—Dallas June 20, 2011, no pet.) (not designated for publication).

Crim. App. 2016). There are three formal ways a factfinder makes this affirmative finding: (1) the indictment specifically alleged a "deadly weapon" was used (using the words "deadly weapon") and the defendant was found guilty "as charged in the indictment"; (2) the indictment did not use the words "deadly weapon" but alleged use of a deadly weapon per se (such as a firearm); or (3) the jury made an express finding of fact of use of a deadly weapon in response to submission of a special issue during the punishment stage of trial. *Id*.; *see also Polk v. State*, 693 S.W.2d 391, 396 (Tex. Crim. App. 1985) (en banc).

Here, the indictments in F-1755630-P and F-1755631-P alleged appellant "used and exhibited a deadly weapon, to-wit: A HANDGUN." The indictment in cause number F-1755632-P charged appellant with using or exhibiting "a deadly weapon, to-wit, A FIREARM." Appellant judicially confessed to committing the offenses "exactly as alleged in the indictment." Further, under "special findings or orders," the second page of the judgments indicate the "Court FINDS Defendant used or exhibited a deadly weapon . . . ," which indicates the omission on the first page was a clerical error. Accordingly, we sustain the State's first cross issue and modify the judgments to reflect the deadly weapon finding. *Duran*, 492 S.W.3d at 746; *see also Caballero v. State*, No. 05-18-01338-CR, 2019 WL 5112270, at *1 (Tex. App.—Dallas Oct. 10, 2019, no pet.) (mem. op., not designated for publication).

In its second cross issue, the State asks the Court to modify the judgments to reflect the correct statutory basis for the deadly-weapon finding. The judgments indicate the trial court entered a deadly-weapon finding pursuant to Texas Code of Criminal Procedure article 42.12, section 3(g). Article 42.12 of the Texas Code of Criminal Procedure was repealed and replaced with Chapter 42A, effective January 1, 2017. *See* Act of June 17, 2015, 84th Leg., R.S., ch. 770, § 1.01, eff. Jan. 1, 2017. The statute directing the trial court to enter an affirmative finding regarding the use or exhibition of a deadly weapon is now codified in article 42A.054(c). *See* TEX.

CODE CRIM. PROC. art. 42A.054(c).  Because this was a clerical error and not an error of judicial reasoning, we sustain the State's second cross issue and modify the judgments to reflect that the statutory basis for the court's affirmative deadly weapon finding is "TEX. CODE CRIM. PROC. ANN. art. 42A.054(c)."  *See Tarver v. State*, No. 05-18-00589-CR, 2019 WL 1785342, at *2 (Tex. App.—Dallas Apr. 24, 2019, no pet.) (mem. op., not designated for publication).

As modified, we affirm the trial court's judgments.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
190112F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

KEILON MARCEL WRIGHT, Appellant

No. 05-19-00112-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F-1755630-P.

Opinion delivered by Justice Bridges.

Justices Whitehill and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under Findings on a Deadly Weapon, we **DELETE** "N/A" and **REPLACE** with "Yes, A FIREARM."

The statutory basis for the special findings section on the second page of the judgment is revised to read "TEX. CODE CRIM. PROC. ANN. art. 42A.054(c)."

As modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 19, 2019



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEILON MARCEL WRIGHT, Appellant

No. 05-19-00113-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1755631-P.
Opinion delivered by Justice Bridges.
Justices Whitehill and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under Findings on a Deadly Weapon, we **DELETE** "N/A" and **REPLACE** with "Yes, A FIREARM."

The statutory basis for the special findings section on the second page of the judgment is revised to read "TEX. CODE CRIM. PROC. ANN. art. 42A.054(c)."

As modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 19, 2019



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEILON MARCEL WRIGHT, Appellant

No. 05-19-00114-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1755632-P.
Opinion delivered by Justice Bridges.
Justices Whitehill and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under Findings on a Deadly Weapon, we **DELETE** "N/A" and **REPLACE** with "Yes, A FIREARM."

The statutory basis for the special findings section on the second page of the judgment is revised to read "TEX. CODE CRIM. PROC. ANN. art. 42A.054(c)."

As modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 19, 2019