**Affirmed as modified; Opinion Filed November 26, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01507-CR
## No. 05-18-01508-CR
## No. 05-18-01509-CR

**JESUS DELAROSA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

## On Appeal from the 283rd Judicial District Court
## Dallas County, Texas
## Trial Court Cause Nos. F-1851184-T, F-1851183-T, and F-1776833-T

## MEMORANDUM OPINION
Before Justices Bridges, Molberg, and Partida-Kipness
Opinion by Justice Partida-Kipness

Jesus Delarosa challenges his convictions following the adjudication of guilt for the offenses of possession of methamphetamine, possession of heroin, and sexual assault. Delarosa contends the trial court did not have jurisdiction to hear the cases and render judgment. The State has responded and brings three cross-issues to correct errors in the trial court's written judgments. We sustain the State's cross-issues and affirm the trial court's judgments as modified.

## Background

Delarosa was charged by indictments with possession of less than one gram of methamphetamine, possession of more than one but less than four grams of heroin, and sexual

assault of a child by penetration. Each indictment for possession contained an enhancement paragraph citing a prior felony conviction. All three indictments were presented to a grand jury in the 283rd Judicial District Court. Delarosa pleaded guilty to all three offenses and pleaded true to the enhancements. The 283rd Judicial District Court accepted Delarosa's pleas and held a consolidated punishment hearing, sentencing Delarosa to ten years' imprisonment for methamphetamine possession, ten years' imprisonment for heroin possession, and forty years' imprisonment for sexual assault, to be served concurrently. This appeal followed.

**Analysis**

In a single issue, Delarosa contends the trial court lacked jurisdiction because the cases were originally presented for indictment in a different trial court, and there were no written orders transferring the cases to the court that tried them and rendered judgment.

When a defendant fails to file a plea to the jurisdiction, he waives any right to complain that a transfer order does not appear in the record. *See Mills v. State*, 742 S.W.2d 831, 834–35 (Tex. App.—Dallas, 1987, no writ.); *Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet. ref'd). Delarosa did not file a plea to the jurisdiction in this case.

Further, even if Delarosa had preserved his complaint for our review, this Court has considered and rejected on numerous occasions the argument that a missing transfer order deprived the trial court of jurisdiction, and we do so again today. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd) (cases returned by a grand jury are not necessarily assigned to the court that impaneled the grand jury); *Hopkins v. State*, No. 05-17-01344-CR, 2018 WL 5024023, at *1 (Tex. App.—Dallas Oct. 17, 2018, no pet.) (mem. op., not designated for publication) (rejecting argument that a missing transfer order deprived trial court into which a case was transferred of jurisdiction).

Moreover, the record reflects that all three indictments were presented to a grand jury in the same court in which judgment of conviction was entered: the 283rd Judicial District Court. Thus, the 283rd Judicial District Court had jurisdiction to hear Delarosa's cases and render judgment. We overrule Delarosa's sole issue.

### State's Cross-Issues

The State brings three cross-issues, asking the Court to correct errors in the judgments entered by the trial court. Specifically, the State asserts the heroin possession judgment refers to two enhancements when there was only one and the sexual assault judgment lists an incorrect section of the Texas Penal Code and does not list the victim's age as required for sex-offender registration.

This Court has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc when the evidence necessary to correct the judgment appears in the record. *Asberry*, 813 S.W.2d at 530. Appellate courts may reform judgments to correct improper recitations or omissions relating to punishment, delete affirmative findings improperly entered into the judgment, and correct statutory references. *See id.*; *Medlock v. State*, No. 05-11-00668-CR, 2012 WL 4125922, at *1 (Tex. App.—Dallas Sept. 20, 2012, no pet.) (mem. op., not designated for publication).

The record reflects that the indictment for heroin possession included only one enhancement—felony burglary of a habitation—yet the trial court's judgment indicates that Delarosa pleaded true to two enhancements. The record also reflects that Delarosa was indicted and pleaded guilty to sexual assault of a child, which is a violation of section 22.011(a)(2) of the

Texas Penal Code. *See* TEX. PENAL CODE § 22.011(a)(2). However, the trial court's judgment indicates that the statute for the offense is 20.01 of the Texas Penal Code. Chapter 20 of the Texas Penal Code concerns offenses for kidnapping, unlawful restraint, and smuggling of persons. The trial court's judgment also indicates that sex-offender registration requirements apply to Delarosa under chapter 62 of the Texas Code of Criminal Procedure but lists "N/A" as the age of the victim at the time of the offense. *See* TEX. CODE CRIM. PROC. § 62.051(c)(3) (requiring age of the victim on sex-offender registration). The record reflects that the victim was fifteen years old at the time of the offense.

Based on these facts, we sustain the State's cross-issues and modify the judgments accordingly. *See* TEX. R. APP. P. 43.2(b); *Asberry*, 813 S.W.2d at 529–30.

### Conclusion

We affirm the trial court's judgments as modified.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
181507F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JESUS DELAROSA, Appellant

No. 05-18-01507-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1851184-T.
Opinion delivered by Justice Partida-Kipness. Justices Bridges and Molberg participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of November, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JESUS DELAROSA, Appellant

No. 05-18-01508-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1851183-T.
Opinion delivered by Justice Partida-Kipness. Justices Bridges and Molberg participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Plea to 2nd Enhancement/Habitual Paragraph" is modified to show "N/A."

The section entitled "Findings on 2nd Enhancement/Habitual Paragraph" is modified to show "N/A."

As **MODIFIED**, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of November, 2019.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JESUS DELAROSA, Appellant

No. 05-18-01509-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1776833-T.
Opinion delivered by Justice Partida-Kipness. Justices Bridges and Molberg participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "22.011(a)(2) Penal Code."

The section entitled "Sex Offender Registration" is modified to show "The age of the victim at the time of the offense was fifteen years."

As **MODIFIED**, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of November, 2019.