**AFFIRMED and Opinion Filed December 20, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01341-CR

**ROBERT BERNARD QUALLS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F17-18778-I**

## MEMORANDUM OPINION

Before Justices Whitehill, Schenck, and Richter[1]
Opinion by Justice Richter

Robert Bernard Qualls appeals his conviction for continuous sexual abuse of M.M., a child

under fourteen years of age. In six issues, appellant argues the evidence is insufficient to support

his conviction, the trial court erred in admitting certain evidence, and the trial court erred in

denying his motion for a mistrial. We affirm the trial court's judgment.

### BACKGROUND

M.M. was thirteen when she testified at trial that appellant initially seemed like a good

father when he and Mother married in 2012. However, when she was eight years old, appellant

began sexually abusing her in their home while Mother was at work. She described the first

instance of abuse when appellant touched her vagina, both over and underneath her clothing, and

---

[1] The Hon. Martin Richter, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, Retired, sitting by assignment.

performed oral sex on her. She said that appellant progressed to vaginally penetrating her with his penis and described two specific instances of such in detail. She also recalled that appellant made her touch his penis with her hands and perform oral sex on him more than once. M.M. testified the abuse occurred about once a week for four years, a fact that was uncontroverted at trial, until she made an outcry to Mother. During her testimony, M.M. identified appellant in open court and described him as her abuser. After hearing this and other evidence, the jury found appellant guilty and assessed punishment at life imprisonment.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant argues that the evidence is insufficient to prove he sexually abused M.M. and that the alleged abuse occurred two or more times during a period of at least thirty days.

When an appellant challenges the legal sufficiency of the evidence, we consider the entire record in the light most favorable to the verdict to determine whether any rational trier of fact could have found the appellant guilty of the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*. To convict a person of continuous sexual abuse of a child under the age of fourteen, the State must prove beyond a reasonable doubt that (1) during a period of thirty days or more, (2) the defendant committed two or more "acts of sexual abuse," and (3) at the time of each act, the defendant was at least seventeen years old or older and the victim was a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 21.02(b). "Act of sexual abuse" includes causing the penetration of the mouth or sexual organ of a child and causing the sexual organ of a child to contact the mouth of another person, including the actor. TEX. PENAL CODE ANN. § 21.02(c), 22.011(a)(2). A jury need not agree unanimously on the exact date the acts

were committed; it is sufficient if the jury agrees unanimously that the defendant committed two or more acts of sexual abuse during a span of thirty or more days. TEX. PENAL CODE ANN. § 21.02(d). The uncorroborated testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child. TEX. CODE CRIM. PROC. art. 38.07 (a); *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.). A child victim is not required to specify the exact dates of the abuse. *See Dixon v. State*, 201 S.W.3d 731, 736 (Tex. Crim. App. 2006).

Here, M.M. identified appellant as her stepfather and abuser in her outcry and at trial. She testified that appellant sexually abused her once a week for four years and described three specific instances where he caused her mouth to be penetrated by his penis, caused her vagina to be penetrated by his penis, and caused his mouth to contact her vagina. This evidence was sufficient to show that appellant sexually abused her and that he committed two or more acts of sexual abuse during a period of thirty days or more. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b); *Garner,* 523 S.W.3d at 271. After examining all of the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found appellant guilty of the essential elements of the offense beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319. We resolve appellant's first issue against him.

## ADMISSION OF EVIDENCE

In his second, third, fourth, and fifth issues, appellant argues that the trial court abused its discretion when it admitted (1) a jail call he contends was unauthenticated, (2) the testimony of undisclosed witnesses, and (3) the expert testimony of a witness he argues was not qualified as an expert. A trial court's ruling on the admission of evidence is reviewed for an abuse of discretion and will not be disturbed if it is within the zone of reasonable disagreement. *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018).

## I. Authentication of evidence

In his second issue, appellant contends that the trial court abused its discretion when it admitted a jail call because the State failed to properly authenticate the call.

Authentication is a condition precedent to admissibility satisfied by producing sufficient evidence to prove that the item is what it is claimed to be. TEX. R. EVID. 901(a). Rule 901(b) provides a non-exclusive list of authentication methods. TEX. R. EVID. 901(b). For example, a witness with knowledge may testify to the evidence's authenticity, the contents or substance of the evidence may be considered in conjunction with surrounding circumstances to prove its authenticity, or an opinion identifying a person's voice can connect the voice with the alleged speaker. TEX. R. EVID. 901(b) (1), (4), (5).

During Mother's testimony, the State sought to introduce a recording of a jail call she had with appellant. Although appellant objected that the State failed to properly authenticate the call, Mother knew appellant's voice because they had been married six years before the trial. She testified that the call was between her and appellant, satisfying subparts (b)(1) and (b)(5) of rule 901. TEX. R. EVID. 901(b)(1),(5). Additionally, the contents of the recorded conversation related to the circumstances of the case. *See* TEX. R. EVID. 901(b)(4). Because a reasonable jury could have determined that the call was authentic, the trial court did not abuse its discretion in admitting it. *See Beham v. State*, 559 S.W.3d at 479. We resolve this issue against appellant.

## II. Introduction of undisclosed witness testimony

In his third, fourth, and fifth issues, appellant argues that the trial court abused its discretion when it allowed the State to question three undisclosed witnesses. During trial, the State called two forensic biologists, Kaylie Slaughter and Angela Fitzwater, and Dallas Children's Advocacy Center (DCAC) therapist, Michelle Rodgers, to testify. Appellant objected to each witness arguing

the State failed to disclose them during discovery, which damaged his defense by providing him inadequate time to prepare for cross-examination.

The State shall give notice of its testifying witnesses upon request. TEX. CODE CRIM. PROC. ANN. art. 39.14(b); *Martinez v. State*, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993). When a trial court permits undisclosed witnesses to testify, we review that determination for an abuse of discretion and consider (1) whether the State's failure to disclose the witness constitutes bad faith and (2) whether the defendant could have reasonably anticipated that the witness would testify. *Martinez*, 867 S.W.2d at 39.

In this case, it is undisputed that the names of these witnesses did not appear on the State's witness list. The State conceded at trial, and in its briefs, that it mistakenly failed to update the list. However, appellant does not argue that the State acted in bad faith by failing to disclose the witnesses and our review of the record does not reveal any evidence of bad faith. *See id*. Thus, we turn to whether appellant could have reasonably anticipated the testimony of these witnesses, addressing each witness in turn.

*Forensic biologists*

Though the State did not specifically or generally disclosed either forensic biologist, it produced Slaughter's serology report eight months before trial and Fitzwater's DNA report two months before trial. At trial, appellant did not dispute that he had previously seen both reports. Under these circumstances, appellant could have reasonably anticipated that the individuals who prepared the reports would testify and that the facts contained in them would be introduced at trial. *See Lemasurier v. State*, 91 S.W.3d 897, 901 (Tex. App.—Fort Worth 2002, pet. ref'd) (appellant should have reasonably anticipated undisclosed witness would testify because witness's report had been on file and appellant acknowledged report). We resolve these issues against appellant.

*DCAC therapist*

In its witness list, the State disclosed a series of possible DCAC witnesses that included "any other expert therapist from DCAC." The State also produced Rodgers' therapy records for M.M. two months before trial. We conclude appellant could reasonably have anticipated Rodgers' testimony based on the reference in the State's witness list to "any other DCAC therapist" in the witness list. Furthermore, the State produced Rodgers' report well ahead of trial, which alerted appellant to the likelihood that she would testify and the contents of the report would likely be introduced at trial. *See Lemasurier*, 91 S.W.3d at 901. We resolve this issue against appellant.

## III. Introduction of expert testimony

Also in his fifth issue, appellant argues that Rodgers, called by the State to testify about M.M.'s post-traumatic stress disorder (PTSD) diagnosis, was not qualified as an expert on that matter.

The trial court decides preliminary questions concerning witness qualifications. TEX. R. EVID. 104(a). We review a trial court's ruling on the admissibility of expert testimony for an abuse of discretion and will not disturb the ruling if it falls within the zone of reasonable disagreement. *Wolfe v. State*, 509 S.W.3d 325, 335 (Tex. Crim. App. 2017). Because the spectrum of education, skill, and training is so wide, a trial court has great discretion in determining whether a witness possesses sufficient expert qualifications and we rarely disturb that determination. *Vela v. State*, 209 S.W.3d 128, 136 (Tex. Crim. App. 2006).

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if his or her knowledge will help the trier of fact to understand the evidence or determine a fact issue. TEX. R. EVID. 702. Qualification involves two questions: (1) whether the witness has a sufficient background in a particular field, and (2) whether that background goes to the matter on which the witness will opine. *Vela,* 209 S.W.3d at

131. "The focus is on the fit between the subject matter at issue and the expert's familiarity with it." *Id.* at 133.

At trial, appellant objected that Rodgers was unqualified to testify as an expert about her diagnosis that M.M. suffered from PTSD following appellant's abuse. Specifically, he argued that Rodgers, a therapist and licensed professional counselor, testified outside the scope of her expertise because only a clinical psychologist can diagnose PTSD. Appellant cites no authority for his argument.

Rodgers testified about her extensive background in the fields of psychology and counseling. She received a Bachelor of Arts in psychology and a Masters of Science in counseling from the University of North Texas and has completed over 3,000 clinical hours. She has been a state-certified licensed professional counselor since 2013. At the time of trial, she had provided therapy to over 200 children in her five years as a DCAC therapist. Rodgers stated that she was qualified to diagnose based on her graduate studies and DCAC training. She diagnosed M.M. with PTSD based on her clinical judgment and educated analysis of various diagnostic tools. After reviewing the record, we conclude the trial court's determination regarding Rodger's expert qualifications was within the zone of reasonable disagreement. *See Wolfe*, 509 S.W.3d at 335.

We resolve issues two through five against appellant.

## INTRODUCTION OF EXTRANEOUS OFFENSES

In his final issue, appellant argues the trial court abused its discretion in denying his motion for mistrial after the introduction of extraneous criminal charges during the punishment.

We review a trial court's denial of a motion for mistrial for an abuse of discretion and must uphold the ruling if it was within the zone of reasonable disagreement. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App.

2004). Generally, a prompt instruction to disregard cures an error associated with an improper question and answer, even one regarding extraneous offenses. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). We presume that a jury obeys a trial court's curative instruction unless the "'evidence is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds.'" *Gardner v. State*, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987).

During the punishment phase of trial, Mother testified she attended a hearing for appellant's prior burglary charge. On direct examination by the State, the following ensued:

**PROSECUTOR:** Okay. And what charges were those?

**MOTHER:** It was burglary, a burglary charge with tools and –

**PROSECUTOR:** And what happened as a resulted of those charges?

Appellant immediately objected to the testimony as hearsay and moved for a mistrial. The trial court sustained the objection, in part, instructing the jury to disregard Mother's testimony, but denied the motion for mistrial. Immediately after the curative instruction, Mother testified about the burglary without further objection by appellant.

Although appellant contends that the trial court's instruction was insufficient to remove the lasting stain of the extraneous charges on the minds of the jurors, we disagree. The trial court immediately sustained the objection and cured the error by giving a prompt instruction to disregard. *See Ovalle*, 13 S.W.3d at 783. We presume the jury obeyed the trial court's instruction because the reference to appellant's prior conviction was not so inflammatory as to be incurable by the trial court's instruction. *See Gardner,* 730 S.W.2d at 696. Thereafter, appellant waived any error because he failed to object to Mother's subsequent testimony about the burglary. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (a party must continue to object to inadmissible

evidence each time it is offered to preserve the issue for appeal). We resolve this issue against appellant.

Having resolved all of appellant's issues against him, we affirm the trial court's judgment.

/Martin Richter//

MARTIN RICHTER
JUSTICE, ASSIGNED

181341f.u05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT BERNARD QUALLS, Appellant

No. 05-18-01341-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F-1718778-I.
Opinion delivered by Justice Richter.
Justices Whitehill and Schenck
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of December, 2019.