**Affirm and Opinion Filed June 4, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**Nos. 05-22-01290-CR &**
**05-22-01291-CR**

**QUINTAVIUS LEMUL WILLS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F16-51893-M &**
**F16-51894-M**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Molberg

Appellant Quintavius Wills appeals his convictions for aggravated robbery and robbery. In two issues, he contends the trial court (1) erred in allowing punishment evidence during the hearing on the State's motion to adjudicate guilt and (2) lacked jurisdiction to adjudicate his guilt without a signed order transferring the cases to the court. For the reasons explained below, we affirm in this memorandum opinion.

## Background

Appellant was indicted in cause number F16-51893-M for aggravated robbery and in cause number F16-51894-M for aggravated robbery, both under penal code § 29.03(a)(2). On June 16, 2017, pursuant to a plea bargain between the State and appellant, the trial court deferred a finding of guilt and placed appellant on community supervision for seven years in each cause.

On June 3, 2022, the State filed a motion to proceed with an adjudication of guilt and revoke community supervision, alleging appellant committed three new offenses, including possession of a controlled substance in May 2022, failure to ID in May 2022, and aggravated assault with a deadly weapon in December 2020. The State also alleged appellant violated condition V of his terms of community supervision by failing to participate in the Intensive Interventions Program (IIP) and failing to report to IIP Court in October 2018 and afterwards.

The State filed a motion to reduce appellant's charge in cause F16-51894-M to the lesser-included offense of robbery. The trial court granted the State's motion.

On October 20, 2022, the trial court heard the State's motion to adjudicate guilt. The State moved to strike the allegations of new offenses, and appellant pleaded true to the remaining allegation that he violated condition V. After offering into evidence the plea paperwork signed by appellant, the State rested.

Appellant testified and said he had been placed in the trial court's IIP as a condition of his community supervision. He said he stopped reporting to the court

in October 2018 because he was dealing with family issues at the time, including the death of his sister. This caused him to start using drugs—"taking pills and smoking week"—again.

Appellant testified he was nineteen when he was arrested for the underlying aggravated robbery and robbery charges. He was twenty-six at the time of the hearing. He said he needed to work on being responsible and not letting what happens with others dictate what he does. Appellant stated he never possessed a gun during the underlying offenses but that his accomplice did so.

Appellant said around the time of the offenses, he was working at Cafe Momentum, a widely acclaimed entity that works with juveniles and young adults in the justice system. If he were continued on supervision, appellant said he would live with his grandmother but work towards independence. Since the time he relapsed with drugs, appellant said his mind had grown a lot and he did not want to continue "running away from reality."

On cross-examination, the State questioned appellant about the underlying offenses. Given appellant's prior testimony about his involvement with Cafe Momentum, the State also questioned whether appellant had "some contact" with the juvenile criminal justice system. Appellant answered, "No, I never really been in juvenile. I just had got put on through a close friend. They just helped me out. I never really been to juvenile." The following exchange then occurred:

Prosecutor: Never really been to juvenile or never been in juvenile?

Appellant: I have been to juvenile, but it wasn't for nothing like --

Defense counsel: Judge, I am going to object. All of this is outside of the scope of the motion. The juvenile arrest history should not be considered in any part of this motion.

Trial court: Any response?

Prosecutor: Judge, due to the nature of these hearings, it is both a hearing on the issue of the allegations, but also it is a conflated hearing on punishment as well. So that would be relevant.

Trial court: I will overrule the objection.

Prosecutor: You can answer.

Appellant: Okay. Like when I did go to juvenile, it was because I got caught with a blunt of weed. I got picked up. My parents came and picked me up the same day, that was my only time being in juvenile.

On redirect, defense counsel questioned appellant about the evidence against him and clarified that appellant did not have the gun during the offense. Appellant also offered into evidence excerpts from the June 2017 hearing and letters from appellant's cousin, his daughter's grandmother, and his case manager at Cafe Momentum.

Appellant's stepsister testified about appellant's character, challenges he has faced, and things he aspired to do. She asked the court to release appellant if possible and to be lenient if he could not be released. Appellant's grandmother testified about the sort of child appellant was and the difficulties he faced growing up. She asked the court to give appellant another chance.

Both sides rested and closed. Defense counsel argued, among other things, appellant should be continued in IIP but that "if this court must revoke, consider a

sentence on a case that would allow him to be reviewed for suitability for this program at a later time." The State asked the court to revoke appellant's community supervision and sentence him to a term of incarceration.

After recessing to read through the transcript excerpt from the June 2017 hearing that was in evidence, the trial court accepted appellant's plea of true and found he violated allegation V as alleged in the State's motion to adjudicate. The trial court found appellant guilty of the two offenses and stated it would sentence appellant to eighteen years' confinement in each cause. When the trial court inquired whether there was any legal reason why appellant should not be sentenced, defense counsel stated, "Judge at this time I do not believe that there is a reason at law, but in light of the court's findings at this point, the illness did impact his decision making, so we would ask the Court to reconsider a suitability for continued supervision." The trial court denied the request and then formally sentenced appellant. This appeal followed.

**Discussion**

Appellant first argues the trial court abused its discretion in allowing the State to question him about his juvenile record—evidence, he argues, that is relevant only to the assessment of punishment—during the hearing on whether to adjudicate his guilt. When the State alleges the defendant violated a condition of deferred adjudication community supervision, "[t]he defendant is entitled to a hearing limited to a determination by the court of whether the court will proceed with an adjudication

of guilt on the original charge." TEX. CODE CRIM. PROC. art. 42A.108(b). Given this, the court of criminal appeals has held that when a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court generally must then conduct a second phase to determine punishment. *See Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (per curiam).

However, *Issa* "does not stand for the absolute right to a separate punishment hearing" but instead "requires the defendant to have the opportunity to present evidence in mitigation of punishment *if not afforded during adjudication.*" *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999) (emphasis added). In *Hardeman*, the defendant was afforded such an opportunity when he "testified regarding his work at a halfway house, his level of responsibility there, his achievement during training, his skills, and his sense of duty"—matters that had nothing to do with whether he had violated the terms of community supervision. *Id.* at 691. Thus, when the defendant has the opportunity to present evidence on punishment, "[i]t is immaterial that the opportunity to present evidence [comes] before the actual words of adjudication." *Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999).

Here, as described above, appellant presented evidence on numerous matters that went beyond whether he had violated the terms of community supervision. The evidentiary hearing conducted by the court pertained both to adjudication and to

punishment, the parties were permitted to and did present evidence relating to punishment, and the parties addressed punishment in their arguments to the court. Appellant neither objected to the proceeding nor insisted on the separate phases suggested by article 42A.108(b). Finally, when the trial court inquired whether there was any legal reason why appellant should not be sentenced, defense counsel stated there was not. Given all of this, we reject appellant's argument that the hearing here was limited to a determination of adjudication and thus reject his argument that the trial court erred in allowing the State to question appellant about matters pertinent only to punishment. We overrule appellant's first issue.

Second, appellant argues the 194th District Court did not have jurisdiction to adjudicate appellant's guilt because there is no signed order transferring the cases from Criminal District Court No. 6. When a defendant fails to file a plea to the jurisdiction, he waives any right to complain that a transfer order does not appear in the record. *See Rueda v. State*, No. 05-18-01545-CR, 2019 WL 6242304, at *2 (Tex. App.—Dallas Nov. 22, 2019, no pet.) (mem. op., not designated for publication) (citing *Mills v. State*, 742 S.W.2d 831, 834–35 (Tex. App.—Dallas 1987, no pet.); *Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet. ref'd)). Appellant did not file a plea to the jurisdiction in either cause before us or otherwise complain to the trial court about the lack of or any defect in a transfer order. We conclude this complaint is not preserved for our review. *See Rueda*, 2019 WL 6242304, at *2; *see also Polk v. State*, No. 05-02-00722-CR, 2002 WL 31656139,

at *1 (Tex. App.—Dallas Nov. 26, 2002, no pet.) (not designated for publication).

Appellant's second issue is overruled.

## Conclusion

Having overruled appellant's two issues, we affirm the trial court's judgments.

/Ken Molberg/
KEN MOLBERG
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
221290F.U05
221291F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

QUINTAVIUS LEMUL WILLS, Appellant

No. 05-22-01290-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-51894-M.
Opinion delivered by Justice Molberg. Justices Reichek and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 4, 2024



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

QUINTAVIUS LEMUL WILLS,
Appellant

No. 05-22-01291-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F16-51893-M.
Opinion delivered by Justice
Molberg. Justices Reichek and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered June 4, 2024