**AFFIRMED and Opinion Filed November 22, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-01545-CR
No. 05-18-01546-CR
No. 05-18-01547-CR
No. 05-18-01548-CR
No. 05-18-01549-CR
No. 05-18-01550-CR

**LUIS ANGEL RUEDA A/K/A LUIS RUEDAMARES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-51915-V; F18-51916-V; F18-51917-V;**
**F18-75237-V; F18-75268-V; and F18-24000-V**

# MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Evans[1]
Opinion by Justice Reichek

Luis Angel Rueda a/k/a Luis Ruedamares[2] entered open pleas of guilty to four aggravated

robberies, unlawful possession of less than one gram of methamphetamine, and theft of a firearm.

Following a sentencing hearing, the trial court found appellant guilty of all charges and assessed

---

[1] The Hon. David Evans, Justice, Assigned

[2] In all cases except Cause No. 05-18-01550-CR, appellant is identified in the indictment and judgment as Luis Angel Rueda. In Cause No. 05-18-01550-CR (theft of a firearm), the indictment and judgment identify appellant as Luis Ruedamares, although other documents, including pro se motions filed by appellant, identify him as Luis Angel Rueda. Neither the State nor appellant disputes that Luis Ruedamares and Luis Angel Rueda are the same person.

punishment at fifteen years in prison on each aggravated robbery and 180 days in jail on the drug possession and theft charges, with all sentences to run concurrently.

In the drug possession case, cause No. 05-18-01547-CR, appellant argues the State failed to present sufficient evidence to prove he possessed methamphetamine. In the remaining cases, appellant argues the trial court lacked jurisdiction to hear the cases because there is no order transferring the cases to the court's docket. For reasons set out below, we overrule all issues and affirm the trial court's judgments.

FACTUAL BACKGROUND

Appellant agreed in writing to have his pleas in these cases heard by a magistrate judge. Thereafter, he pleaded guilty to all charges without an agreement as to punishment, waived his right to a jury trial, and signed a written judicial confession in each case. The magistrate judge admonished appellant in writing on the consequences of his pleas, approved his judicial confessions, and accepted his pleas of guilty. The cases were then passed for further proceedings.

Subsequently, the district court judge conducted a sentencing hearing at which several witnesses testified. The evidence showed that appellant robbed four people at gunpoint, in three separate incidents, in less than an hour on the night of February 8, 2018. Police received a description of the suspect's vehicle and located the vehicle and appellant at a nearby gas station. Appellant was arrested. While doing an inventory of his car, police found a gun and drugs, which the arresting officer referred to as "meth." All of the robbery victims testified to the trauma they experienced at being robbed at gunpoint, and two testified they continue to suffer from post-traumatic stress disorder as a result of the incident. Appellants' mother, sister-in-law, and brother-in-law each testified that appellant had a long-time drug problem that had changed his behavior and asked that he be placed on probation with court-ordered rehab. The trial court rejected the

pleas for probation, found appellant guilty of all charges, and assessed punishment as set out above. These appeals followed.

JURISDICTIONAL CHALLENGE

In cause nos. 05-18-01545-CR, 05-18-01546-CR, 05-18-01548-CR, 05-18-01549-CR, and 05-18-01550-CR, appellant contends the trial court lacked jurisdiction to hear the cases and render judgment because the cases were originally presented for indictment in a different trial court, and there were no written orders transferring the cases to the court that tried them and rendered judgments.[3]

When a defendant fails to file a plea to the jurisdiction, he waives any right to complain that a transfer order does not appear in the record. *See Mills v. State*, 742 S.W.2d 831, 834–35 (Tex. App.—Dallas 1987, no pet.); *Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet. ref'd). Appellant did not file a plea to the jurisdiction in any of these cases.

Further, even if he had preserved his complaint for our review, this Court has considered and rejected this exact argument on numerous occasions and does so again today. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd); *Wilson v. State*, No. 05-18-00801-CR, 2019 WL 3491931, at *4 (Tex. App.—Dallas Aug. 1, 2019, no pet.) (mem. op.) (not designated for publication) (compiling list of recent cases). The 292nd Judicial District Court had jurisdiction to hear appellant's cases and render judgments. Accordingly, we overrule this issue.

SUFFICIENCY OF EVIDENCE

In Cause No. 05-18-01547-CR, appellant entered an open plea of guilty to possession of less than one gram of methamphetamine. On appeal, he argues the evidence is insufficient to prove

---

[3] These cases were presented to a grand jury impaneled in either the 265th Judicial District or the Criminal District Court No. 3. Following the returns of the indictments, all of the cases were filed in the 292nd Judicial District Court, where the cases were tried and judgments rendered.

the substance was methamphetamine because the arresting officer identified the substance found as "meth."

When a defendant waives his right to a jury trial and pleads guilty, as here, the State is required to introduce evidence showing that the defendant is guilty. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15. This evidence need not prove the defendant's guilt beyond a reasonable doubt, but it must embrace every essential element of the offense charged. *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Here, the indictment alleged that appellant intentionally and knowingly possessed a controlled substance, namely methamphetamine, in an amount of less than one gram, including adulterants and dilutants. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (providing the person commits an offense by possessing controlled substance in Penalty Group 1 and designating the offense as a state jail felony if the amount is "less than one gram"); § 481.102(6) (listing methamphetamine as substance included in Penalty Group 1).

Appellant cites no authority for the proposition that the officer's use of the term "meth" for methamphetamine rendered the evidence insufficient to support a guilty plea. The term "meth" as slang or as a substitute for "methamphetamine" has been used in hundreds of criminal cases in Texas. *See e.g., Hughitt v. State*, PD-0275-18, 2019 WL 4656010, at *1 (Tex. Crim. App. Sept. 25, 2019) (referring to "one gram of meth" in case where defendant charged with engaging in organized criminal activity based on predicate offense of possession of controlled substance with intent to deliver). Additionally, "meth" is defined as methamphetamine. *See Meth,* MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/meth (last visited Nov. 12, 2019). Thus, the common usage of the term leads us to conclude that the officer's testimony identifying the drug as "meth" was sufficient to prove the drug was methamphetamine.

In addition to the officer's testimony, appellant signed a judicial confession. A judicial confession, standing alone, is sufficient to support a guilty plea as long as it covers every element

–4–

of the charged offense. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).  The record contains appellant's signed, written, judicial confession.  In the document, appellant "confess[ed]" to the following facts, which he stipulated were "true and correct" and were evidence in the case:

> [O]n or about the 8th day of February, 2018, in Dallas County, Texas, I did then and there intentionally and knowingly possess a controlled substance, to-wit: METHAMPHETAMINE, in an amount of less than one gram, including adulterants and dilutants[.]
>
> I further confess that I committed the offense with which I stand charged exactly as alleged in the indictment in this case.

Appellant's judicial confession tracks the language of the indictment and addresses each element of the offense and is therefore sufficient to support his plea of guilty to the offense.[4]  Accordingly, we overrule appellant's issue.

> We affirm the trial court's judgments.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
181545F.U05

---

[4] The judicial confession was not formally offered into evidence at the sentencing hearing, but it was approved by the magistrate judge at the plea hearing and appears in the appellate record.  Accordingly, we conclude it is some evidence supporting appellant's plea of guilty. *See Chamberlain v. State*, No. 07-14-00011-CR, 2015 WL 1743478, at *6 (Tex. App.—Amarillo Apr. 16, 2015, pet. ref'd) (not designated for publication) (concluding judicial confession sufficient to support guilty plea even when trial court did not sign document containing judicial confession and document was not offered into evidence, referred to, or otherwise recognized by judicial notice at any time during plea hearing).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUIS ANGEL RUEDA, Appellant

No. 05-18-01545-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F18-51915-V.
Opinion delivered by Justice Reichek; Justices Molberg and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 22, 2019



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

LUIS ANGEL RUEDA, Appellant

No. 05-18-01546-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F18-51916-V.
Opinion delivered by Justice Reichek;
Justices Molberg and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered November 22, 2019



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUIS ANGEL RUEDA, Appellant

No. 05-18-01547-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F18-51917-V.
Opinion delivered by Justice Reichek;
Justices Molberg and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 22, 2019



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUIS ANGEL RUEDA, Appellant

No. 05-18-01548-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F18-75237-V;
Opinion delivered by Justice Reichek.
Justices Molberg and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 22, 2019



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUIS ANGEL RUEDA, Appellant

No. 05-18-01549-CR　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F18-75268-V.
Opinion delivered by Justice Reichek;
Justices Molberg and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 22, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUIS RUEDAMARES, Appellant

No. 05-18-01550-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F18-24000-V.
Opinion delivered by Justice Reichek;
Justices Molberg and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered November 22, 2019.